UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:17-CIV-20297-MARTINEZ

SIMILOR DESSALINES,

        Plaintiff,

v.

DR. PIERRE MARCEUS,
NURSE SNAIL, et al.,

        Defendant.
_____/

**DEFENDANT RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND MOTION FOR LEAVE TO AMEND THE COMPLAINT**

COMES NOW the Defendant PIERRE MARCEUS, M.D., ("DR. MARCEUS") by and through the undersigned counsel, pursuant to applicable Federal Rules of Civil Procedure and local rules, and by way of response, hereby file this opposition to Plaintiff's Motion for Extension of Time and Motion for Leave to Amend his Complaint. As support, the Defendant DR. MARCEUS states as follows:

**Introduction**

The Plaintiff, SIMILOR DESSALINES ("MR. DESSALINES") has not stated how or what in his Complaint he seeks to Amend, nor does he state how much additional time he is seeking to Respond to Defendant's Motion to Dismiss, timely filed on March 29, 2018. Instead, Plaintiff simply attempts to pick and choose portions of the original Motion

to Dismiss to Respond to now while seeking leave of Court to reply to the remainder of the Motion at a later time. This is inappropriate. The Defendant Mr. Marceus contends that Plaintiff's Motion for Extension of Time, as well as his Motion for Leave to Amend the Complaint should be denied for the following reasons:

1) Plaintiff has not presently stated what portion of his Complaint or why he is seeking leave to amend;

2) Amendment at present does not serve any legitimate purpose;

3) Denial of Plaintiff's motion at present does not harm merits of Plaintiff's action;

4) Neither justice nor judicial economy will be served by the amendment, especially as no one knows what amendment is being proposed by Plaintiff;

5) Plaintiff's Motion for Leave to Amend fails to comply with local rules applicable when seeking leave to amend.

## Plaintiff's Complaint

The Plaintiff's Complaint ("Complaint") details medical treatment the Plaintiff Mr. Dessalines received while an inmate at the Martin Correctional Institution, a prison located in the state of Florida and under the administrative purview of the Florida Department of Corrections. More specifically, the allegations relate to medical treatment of the Plaintiff for a condition wherein Mr. Dessalines was coughing up blood in January of 2016. Mr. Dessalines alleges these symptoms began on January 9, 2016 and continued until January 28, 2016, at which time he began vomiting blood. At that point in time, Mr.

Dessalines was transported to Martin North Hospital, where he was treated for internal bleeding and abdomen pains.

The Plaintiff's Complaint further alleges that while at the hospital, Mr. Dessalines slipped into a coma and required numerous blood infusions due to internal bleeding. He alleges that the internal bleeding resulted, eventually, in the rupture of his gallbladder and liver, which caused him to slip into a coma. Mr. Dessalines maintains in his Complaint that he continues to suffer pain as a result of these injuries and requires daily medical treatment. The Plaintiff seeks compensatory and punitive damages in the amount of $400,000 in his prayer for relief.

## Leave to Amend is Discretionary

Rule 15 of the Federal Rules of Civil Procedure governs leave to amend pleadings. Determining whether to grant leave to amend a pleading is an exercise in the Court's discretion. Forman v. Davis, 371 U.S. 178, 182 (1962) (granting or denying the "opportunity to amend is within the discretion of the District Court.") In making its decision, the Court must consider that the purpose of granting leave to amend is two-fold: (1) to ensure all issues related to a specific transaction or occurrence are before the court and (2) to facilitate decisions on the merits. Filmtec Corp. v. Hydranautics, 67 F.3d 931 (Fed. Cir. 1995). Traditionally, a Court will grant leave to amend unless those goals are not met, leaving a court a substantial reason to deny the leave to amend. Halliburton

& Associates, Inc. v. Henderson, Few, & Co., 774 F.2d 441, 443 (11th Cir. 1985) (internal citations omitted).

In the instant case, the Plaintiff cites no issue he hopes to amend and no occurrence he seeks to include, instead, simply asserting he would like to amend. This is insufficient and does not help facilitate a decision on the merits, which is the purpose of a Motion for Leave to Amend and a goal that enhances judicial efficacy. At present, Plaintiff has filed a Complaint and Defendant has filed a timely Motion to Dismiss, meaning that absent amendment, the case is in a posture to be resolved on the merits. Granting blind leave to amend without knowing what is proposed only stalls that process, decreasing judicial efficacy.

**Leave to Amend and Motions for Extension of Time Should Not Be Granted Automatically**

Although leave to amend is freely granted, it is not automatic and courts have long considered factors that would preclude or proscribe amendment, such as bad faith and dilatory motive. First City Bank, N.A. v. Air Aircraft Sales, Inc., 820 F.2d 1127, 1132 (10th Cir. 1987) (citing Forman v. Davis, 371 U.S. at 178); Bohen v. City of East Chicago, 799 F.2d 1180, 1184 (7th Cir. 1986) (amendment sought for purpose of delay may preclude granting of leave to amend).

In the instant case, Plaintiff proposes no amendment to make to his Complaint. Instead, he answers a portion of Defendant's timely filed Motion to Dismiss while seeking

an extension of time to "research the law cited by Defendant" in order to prepare a response to the remainder of the Complaint. MR. DESSALINES then seeks leaver to amend at Paragraph 8 of his Motion, but then immediately begins argument in response to Defendant's Motion to Dismiss, rather than stating any legal grounds for leave to amend or any proposed amendment.

This is a dilatory tactic utilized by MR. DESSALINES to buy time to reply to a timely motion to dismiss, and should be rejected by the Court, as at present, no Amendment is offered to cure any deficiency related to the sufficiency of the claims, jurisdictional defects, or otherwise. The sole purpose of the Motion for Leave to Amend is to buy Plaintiff more time, protract the litigation, and increase expense. This is a hornbook example of the type of Amendment that should be rejected because it creates undue delay and, absent a proposed amendment, is a futile motion. <u>Zenith Radio Corp. v. Hazeltine Research Corp.</u>, 401 U.S. 321, 330-331 (1971) (amendments that serve a delay tactics with futile amendments should be rejected by courts).

**<u>Motion for Leave to Amend Does Not Satisfy Local Rule</u>**

The Court should likewise deny Plaintiff's Motion for Leave to Amend because as currently drafted, it fails to Comply with the Local Rule 2G, which governs the filing of Motions. Specifically, the Rule states that a "party who requests to amend a pleading must attach the original amendment to the motion." Here, the Plaintiff has failed to do

so, having attached no proposed Amended Complaint. Having neglected to comply with the local rules of Court, the Plaintiff's Motion for Leave to Amend should be denied.

**Plaintiff's Responses to Portions of the Motion to Dismiss are Misplaced**

As noted above, it is the contention of the Defendant that the Plaintiff, MR. DESSALINES'S Motion for Leave to Amend should be denied, as it is a dilatory tactic intended to buy time to reply to the portions of Defendant's timely motions to dismiss that MR. DESSALINES did not address in his Motion for Leave to Amend. It is instructive that the Plaintiff, while seeking leave to amend and an extension of time from the Court, nevertheless also advanced a handful of arguments in response to Defendant's Motion to Dismiss. The Defendant addresses each of the arguments advanced against its Motion to Dismiss in turn.

First, MR. DESSALINES suggests he is entitled to a liberal reading of his Complaint as a "pro-se" litigant, and that Defendants are in error to contest this issue. Plaintiff misunderstands Defendant's argument. In fact, the Defendant did not argue that the Plaintiff is not entitled to a liberal reading of his Complaint as a pro-se litigant. On the contrary, the Motion to Dismiss *agrees* that Plaintiff is entitled to a pro-se reading of his Complaint, but argues, in accordance with decades of case law, that the presumption and liberal reading does not allow a Court reading a pro-se Complaint to manufacture a cause of action where one does not exist at law. Faretta v. California, 422 U.S. 806, 835, n.46 (1975); Cruz v. Gomez, 202 F.3d 593, 597 (2nd Cir. 2000) ("Courts must construe the

Complaint broadly and interpret it to raise the strongest argument *it suggests*) (citations omitted) (attorney emphasis). In other words, the Complaint must *suggest* a cause of action to receive the liberal construction. The Court can't create a choose of action from what is not alleged. <u>Traguth v. Zuck</u>, 710 F.2d 90, 95 (2nd Cir. 1983) ("pro-se status does not exempt a party from compliance with relevant rules of procedure and substantive law"); <u>Birl v. Estelle</u>, 660 F.2d 592, 593 (5th Cir. 1981) (same). Indeed, the Plaintiff's pro-se Complaint is governed substantively by the "specific justification" for relief requested and the absence of such a request is grounds for denial of the pro se claims. <u>Robinson v. Wicker</u>, No. 3:15-cv-164-MPM-RP, 2017 U.S. Dist. LEXIS 47883 (N.D. Miss. Mar. 30, 2017); <u>United States v. Davis</u>, 710 Fed. Appx. 860 (11th Cir. 2018) (citing <u>Timpson v. Sampson</u>, 518 F.3d 870, 874 (11th Cir. 2008) (Even though pro-se pleadings construed liberally, argument for relief must be included in brief).

Second, Plaintiff states below his "Certificate of Service" that the Defendant's Motion to Dismiss is meritless and lacks evidentiary support. This argument is incorrect. On the contrary, the Motion to Dismiss advances a series of arguments as to why dismissal is justified as to the current operative Complaint, including:

1) Plaintiff fails to properly plead a medical negligence and malpractice claim as to the Defendant;

2) Plaintiff fails to meet presuit medical malpractice requirements under Florida law;

3) Plaintiff fails to state a choose of action against Dr. Marceus upon which relief can be granted;

4) Plaintiff fails to state a claim for deliberate indifference under the Eighth Amendment to the Federal Constitution or §1983;

5) Plaintiff failed to exhaust all available remedies under 42 U.S.C. §1997e(a), the Prison Litigation Reform Act.

Each of these arguments advanced in favor or dismissal was and is supported with ample case law and support. The Plaintiff should not receive extra time to respond to these arguments simply by asserting they are "meritless" in a Motion for Extension of Time and Leave to Amend. This is a delay tactic that courts have consistently rejected, and this Court reject MR. DESSALINES's attempts here. <u>Perrian v. O'Grady</u>, 958 F.2d 192, 195 (7th Cir. 1992) ("justification for denying leave includes public interest in prompt resolution of disputes, even if there is no prejudice to the opposing party); <u>Maynard v. Board of Regents</u>, 342 F.3d 1281, 1287 (11th Cir. 2003) (amendment sought for purpose of delay or amendment that is futile can and should be denied).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of April, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this date on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices or Electronic Filing generated by CM/ECF or in some other authorized manner

Case No.:17-CIV-20297-MARTINEZ
Page 9

_____

for those counsel or parties who are authorized to receive electronically Notice of Electronic Filing.

/sNeil W. Blackmon
Neil W. Blackmon, Fla Bar No.: 0086917
Joseph M. Winsby, Fla Bar No. 73965
Counsel for Dr. Pierre Marceus
Gaebe Mullen Antonelli & DiMatteo
420 S. Dixie Highway, 3rd Floor
Coral Gables, FL 33146
(305) 667-0223
 Email :Jwinsby@gaebemuellen.com;
          nblackmon@gaebemullen.com

LAW OFFICES OF
GAEBE, MULLEN, ANTONELLI & DIMATTEO
420 SOUTH DIXIE HIGHWAY • THIRD FLOOR • CORAL GABLES, FLORIDA 33146

Case No.:17-CIV-20297-MARTINEZ
Page 10

## SERVICE LIST

SIMILOR DESSALINES
V.
DR. PIERRE MARCEUS, NURSE SNAIL, et al.,
17-CIV-20297-MARTINEZ
Southern District of Florida

**Similor Dessalines, Pro Se:**
**By: US MAIL**
**BO3262**
**Reception and Medical Center (Lake Butler)**
**Inmate Mail/Parcels**
**P.O. Box 628**
**Lake Butler, Florida 32054**